SCHROEN v. TAYLOR.

1. APPEAL AND ERROR—ADOPTION OF TRIAL COURT'S OPINION.
    Opinion of trial court on defendant's motion for judgment not-
    withstanding verdict is adopted by Court of Appeals where
    all errors asserted on appeal had been urged on such motion
    and were correctly disposed of by the trial court.

2. TRIAL—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—EVI-
    DENCE.
    Evidence presented by plaintiff is considered in light most fa-
    vorable to him in passing on issues of negligence of de-
    fendant's decedent, driver of car which collided with plaintiff's
    pickup truck, and contributory negligence of plaintiff in dis-
    posing of defendant's motion for judgment notwithstanding
    verdict for plaintiff.

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
    Statute barring testimony of opposite party as to matters equally
    within knowledge of deceased applied, where driver of car
    which collided with plaintiff's truck had died since from causes
    having nothing to do with the accident (CLS 1961, § 600.2160).

4. NEGLIGENCE—CIRCUMSTANTIAL EVIDENCE.
    Negligence may be inferred from the circumstances, like any
    other fact.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 934.
[2] 5 Am Jur 2d, Appeal and Error § 886.
[3] 58 Am Jur, Witnesses §§ 214, 218, 223.
[4] 38 Am Jur, Negligence §§ 290, 333.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002; 38 Am
    Jur, Negligence § 290.
[6] 53 Am Jur, Trial §§ 123, 126.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic § 1005; 38 Am
    Jur, Negligence §§ 286, 335.
[8] 22 Am Jur 2d, Damages §§ 366, 367, 384.
[9] 53 Am Jur, Trial §§ 490–506.

5. AUTOMOBILES—NEGLIGENCE—QUESTION OF FACT—EVIDENCE.

Negligence of defendant's decedent, driver of 1 of the cars in an accident, could be inferred from evidence presented which tended to show that automobile accident occurred in the northbound lane of a road, that decedent was under obligation to travel in the southbound lane, and there was also evidence as to speed the decedent was traveling before the accident.

6. TRIAL—REOPENING OF PLAINTIFF'S CASE.

Permitting plaintiffs to reopen their case on Monday morning to introduce the testimony of another witness after plaintiff had rested just before adjournment on Friday afternoon *held*, not error where the witness was listed by plaintiff in the pretrial summary statement, the defendant had taken his deposition and filed it, and plaintiff informed the court and opposing counsel on Friday that he had been unable to locate the witness but that he was still trying to do so.

7. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.

Evidence presented in automobile accident case *held*, to present a question of fact as to issue of contributory negligence of plaintiff driver of pickup truck who had turned his lights on and backed across 22′ 8″ road so that rear wheels of 13′ 7″ truck were on shoulder of northbound side of road just before defendant's southbound decedent collided with the truck in the northbound lane.

8. DAMAGES—EXCESSIVE VERDICT—PERSONAL INJURIES.

Jury award of $6,500 to plaintiff injured by defendant's negligence in automobile accident *held*, not excessive in case where plaintiff's hospital bill was $594.38, plaintiff had paid $100 toward repair of his automobile, and plaintiff testified that he had lost his sense of smell, there was medical testimony that the loss of sense of smell would be permanent, there was testimony as to pain and suffering by the plaintiff corroborated by other witnesses, and testimony that plaintiff could not work as a well driller for many months after the accident.

9. TRIAL—CLOSING ARGUMENT—DEMONSTRATION.

Permitting plaintiff's attorney, over objection, during closing argument, to draw certain angles on a sheet of paper hanging over blackboard in courtroom, to illustrate plaintiff's testimony about the position of his car before automobile accident *held*, not prejudicial error where the jury was instructed that it was not to consider anything the attorneys stated or did as evidence.

Appeal from Washtenaw, Ager (William F., Jr.),
J. Submitted Division 2 May 16, 1968, at Detroit.
(Docket Nos. 3,571, 3,572.) Decided May 31, 1968.

Complaint by Russell E. Schroen for himself and
as next friend of his minor son Russell L. Schroen
against Betty Jean Evans Taylor, administratrix
of the estate of Gerald W. Evans, deceased, for dam-
ages to plaintiffs resulting from negligence of
Gerald W. Evans in operating a motor vehicle. Ver-
dict and judgment for plaintiffs. Defendant ap-
peals. Affirmed.

*James O. Kelly* and *Erwin A. Salisbury,* for plain-
tiff.

*Roscoe O. Bonisteel, Jr.,* for defendant.

PER CURIAM. This is an appeal from a judgment
on a jury verdict in favor of plaintiff. The errors
asserted on appeal were all urged by the defendant
in his motion for a judgment notwithstanding the
verdict and were passed upon by the trial court. In
our view the trial judge in his opinion fully and
correctly treated all of these matters. Accordingly,
we adopt the opinion of the trial court which reads
as follows:

"After a five-day jury trial in the above entitled
matter, a verdict was returned by the jury in the
amount of $6,500 in favor of Russell E. Schroen and
$50 in favor of Russell L. Schroen. Counsel for the
parties had agreed that a verdict in the amount of
$1,113.34 would be entered in favor of plaintiff, Ohio
Casualty Insurance Company, in the event the jury
found for plaintiffs. Defendant has filed a motion
for judgment notwithstanding the verdict and an
alternative motion for a new trial. The cases arise
out of an accident between an automobile owned and

driven by Russell E. Schroen in which his son, Russell L. Schroen, was a passenger, and a vehicle being driven by Gerald W. Evans. Gerald W. Evans has died since the date of the accident and his administratrix was made party defendant. Defendant has made numerous claims in its motion for judgment notwithstanding the verdict and alternative motion for a new trial and each of these must be taken up separately.

"It is the claim of the defendant first that no evidence was given to locate the position of the party's automobile at the time of the accident and that the plaintiff failed to establish any negligence on the part of the deceased driver, Gerald W. Evans, and was, as a matter of law, guilty of contributory negligence. In deciding on this question the court must consider the plaintiff's testimony in its most favorable light. The court must decide, did plaintiff's testimony present a question of fact on defendant's negligence for submission to the jury. It must be remembered that Gerald W. Evans was deceased at the time of the trial, having died since the date of the accident from causes having nothing to do with the accident and the so-called "Dead Man's" Statute CLS 1961, § 600.2160 (Stat Ann 1968 Cum Supp § 27A.2160) applied. The parties have stipulated that Mr. Evans was the owner and operator of the car involved in the accident with the automobile driven by the plaintiff.

"The plaintiff testified that he had stopped at a friend's house to inquire about his sick wife, shortly before the accident happened, and that he had nothing to eat or drink at his friend's house other than coffee. He testified that his son was with him and that after dark, around 6 o'clock to 6:30 o'clock, he and his son left his friend's house, got in his small pickup truck, put on his automobile lights and started to back from the driveway. He testified that he stopped at the edge of the road and waited for traffic and after one vehicle coming from the north had passed he saw there were no cars on the road

so he proceeded to back across the southbound lane of the highway and to cross the northbound lane of the two-lane highway so that he could proceed in a northerly direction in the northbound lane. He stated that after he had backed out he saw the lights from an automobile about 700 to 800 feet to the north, coming around a curve. The plaintiff testified that he backed up at an approximate 45° angle and that he felt both of his rear wheels going off the highway on to the shoulder. He stated that after they had gone on to the shoulder a way, he stopped the truck and shifted into low gear so that he would be ready to proceed in the northbound lane of the highway. Right at that instant he remembers nothing until he woke up in the hospital some days later. The plaintiff and other witnesses testified that each lane of the highway was 11′ 4″, that the entire road was 22′ 8″ wide. Plaintiff testified that his truck was 13′ 7″ long and that he backed up his truck over 29′ at about 3 1/2 or 4 miles per hour. There was testimony for a Mr. Cummings that he saw the plaintiff turn on his automobile lights before he backed out of his driveway and that he went outside immediately after hearing the crash. He testified as to the position of the vehicles and testified that most of the debris was in the north lane and that he saw broken glass and antifreeze, etcetera, in the north lane, and he testified that the rear left wheel of plaintiff's truck had gravel piled up behind the tire. There was also testimony of a sheriff's officer as to the debris from the accident being mostly in the northbound lane. There is certainly evidence that the accident occurred in the northbound lane. Negligence, like any other fact, may be inferred from the circumstances. The law of the State of Michigan would require Gerald W. Evans to travel in his own lane, that is, the righthand or southbound lane, and if he failed to do this without reason, he would be guilty of negligence *per se.* Certain photographs of the vehicles were also entered into evidence and the jury were able to determine the point of impact

of the two vehicles from these photographs which would also assist them in determining negligence. There was also evidence as to the speed of the automobile being driven by Gerald W. Evans. Plaintiff testified that he first saw the lights of the other vehicle about 700 to 800 feet away and that a very short time after, within a matter of seconds, the accident occurred, that is, plaintiff lost consciousness. There was also testimony as to tire marks. The court is of the opinion that there was sufficient testimony produced by the plaintiff to present a question of fact as to the defendant's negligence so that the matter was properly submitted to the jury. The jury were adequately instructed that when one party to an accident is deceased and there are no eyewitnesses to the accident it is the law that the deceased party is presumed to have used ordinary care and caution for his own safety and the safety of others and the jury were further instructed that the mere fact that an accident happened is not in any way to be considered as evidence of negligence. In fact, the court gave most, if not all, of defendant's requested instructions. The law of the State of Michigan is that a person must drive on his own side of the highway except in certatin situations with which we are not concerned in this case, and there was certainly sufficient evidence to warrant the jury in finding that the deceased, Gerald Evans, did not drive on his own side of the highway, and crossed over into an improper lane and struck plaintiff's vehicle injuring plaintiff and plaintiff's son.

"Defendant further claims as error that the court allowed plaintiffs to reopen their case to present the testimony of an additional witness. The name of a witness, Edward Cummings, was listed by plaintiff as a witness who would be called by him during the trial in his pretrial summary statement filed with the court and a copy was given to counsel for the defendant many months prior to the trial. There is no question that defendant was aware of this witness and, in fact, at the time of the dictation of

the pretrial summary statement he specifically reserved the right to take a deposition of this proposed witness of the plaintiff and the court specifically included this provision in the pretrial summary statement dictated by the court. Later, defendant took the deposition of Edward Cummings and this was filed in the court file. On Friday, May 13th, plaintiff informed the court and opposing counsel that he had been unable to locate Edward Cummings but that he was still trying to do so. Just before the adjournment Friday afternoon, plaintiff rested. However, he informed both the court and opposing counsel that he was continuing in his efforts and attempts to locate Mr. Cummings. The first thing Monday morning, plaintiff informed the court and opposing counsel that he had located Mr. Cummings and served him with a subpoena and Mr. Cummings appeared. Plaintiff petitioned to reopen the case and his request was granted. The court would certainly have given the defendant additional time or a continuance if defendant had requested it and the court is of the opinion that this was not grounds for a mistrial or grounds for a judgment notwithstanding the verdict.

"The court is further of the opinion that the evidence presented did not, as a matter of law, show the plaintiff guilty of contributory negligence. This is a question of fact for the jury.

"Defendant further claims that the verdict of the jury was contrary to the great weight of evidence. The court is of the opinion that the verdict was not contrary to the great weight of evidence but that the issue of negligence was a question of fact for the jury to decide.

"Defendant further claims the jury awarded excessive damages to Russell E. Schroen. The jury awarded the amount of $6,500 to Russell E. Schroen. There was testimony that his hospital bill amounted to $594.38, that he paid $100 toward the repair of his automobile. Plaintiff testified that he lost his sense of taste and that at the time of the trial he had

no sense of taste. Plaintiff testified that he had lost his sense of smell and there was medical testimony that this loss of smell resulting from the accident would be permanent. There was testimony as to pain and suffering, etcetera that the plaintiff suffered as a result of the accident. Plaintiff testified about being knocked unconscious at the time of the accident, he testified about waking up dizzy, he testified as to considerable pain all over his body, that he had cuts, bruises all over his face, that he was unable to form words for a time after the accident, that he continued to have pains in his chest, in his head and in his arms and that he continued to take medicine for 3 months after the accident, that it was many months before he could go back to work after the accident and that previously he had been a well driller but that he was unable to resume work for some time because he was unable to do the physical work necessary for well drilling, and it was not until about 4 months after the accident that he was able to do much work with the machinery. Plaintiff testified that he does not have the energy or pep that he used to have prior to the accident. He testified as to his earning and claimed a loss of earnings because of the accident. Mrs. Schroen testified that the plaintiff did not know her after the accident for some time, and that he had to be restrained at times, and that this lasted for about 4 days. She testified that the plaintiff was unable to sleep for some time after the accident. She testified as to the injuries he had received. She testified as to her observations of the plaintiff after the accident. Dr. Farhad, who had treated the plaintiff, testified as to the injuries received by the plaintiff and testified that he was in the hospital from January 3, 1964, to January 10, 1964, that he was not oriented and he testified as to plaintiff's permanent loss of the sense of smell. The damages were for the jury to decide and the court is of the opinion that the verdict was not excessive in view of the testimony given. It is for the jury to decide

from the evidence what pain and suffering the plaintiff had as a result of the accident and the court is unable to state that as a matter of law there is no evidence substantiating the jury's verdict.

"The defendant further claims that the plaintiff's attorney, over objection, was allowed to present matters evidentiary in nature during the course of closing argument. During his closing argument, attorney for plaintiff drew certain angles on a sheet of paper hanging over the blackboard. The plaintiff had testified that he had backed up at a 45° angle and plaintiff's attorney, when discussing this evidence, drew an angle on the paper and made certain comments regarding this angle in relation to the automobile driven by plaintiff (plaintiff testified that his vehicle was 13' 7" long). The court is of the opinion that this was not improper argument nor was it improperly prejudicial in any way to defendant. The court had instructed the jury that they were not to consider anything the attorneys stated or did as evidence. The angle drawn by plaintiff in his final argument was, of course, not sent to the jury deliberation room, as it was not admitted in evidence. The court is of the opinion that there was no improper prejudicial activity committed by plaintiff's counsel in his final argument which would warrant the court in granting a new trial to the defendant."

Judgment affirmed. Costs to plaintiff.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.